UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

## ORDER RE: MOTION TO DISMISS

### I. INTRODUCTION

On March 18, 2010, Plaintiff Christopher McKalpain ("McKalpain") filed the present lawsuit against Defendants Deutsche Bank AG, formerly known as DB Home Lending, LLC ("Deutsche Bank"), HSBC Bank USA, N.A. ("HSBC"), Ocwen Loan Servicing LLC ("Ocwen"), and Aztec Foreclosure Corporation ("Aztec") (collectively, "Defendants"). HSBC and Ocwen now move to dismiss the complaint (Docket No. 7.), and the Court **GRANTS** the motion as to McKalpain's federal claims. The Court explains its reasoning in greater detail below.

### II. BACKGROUND

McKalpain's complaint alleges violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Fair Debt Collection Practices Act ("FDCPA"), several federal civil rights laws, and various California state laws.

McKalpain claims that he purchased real property in North Hollywood, California (Compl. ¶ 10.) and financed the acquisition by executing two promissory notes and related deeds of trust. (Id. ¶¶ 11-12, 15.) Deutsche Bank financed these two loans, and it was the beneficiary of the deeds of trust; Ocwen was the loan servicer. (Id. ¶¶ 12, 15; 16-17; Exs. E-F.) At some time thereafter, the first and second trust deeds were assigned to HSBC. (Id. ¶ 16, Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

McKalpain alleges that Defendants failed to explain the "inherent volatility" of the loans' interest rates and that they never "explained the workings of the entire rate [and] how it is computed." (Id. ¶ 13.) Additionally, he contends that he would have "qualified for a prime-rate mortgage...[with] less in fees and interest," but Defendants "charged and obtained improper fees for the placement of [his] loan as 'sub-prime.'" (Id. ¶ 14.) He avers that Defendants have "placed" loans for the purpose of unlawfully increasing and obtaining yield spread fees in excess of "lawfully earned" amounts (Id. ¶ 31.), and claims that Defendants acted without regard to his actual income or cash flow and merely intended to induce him to default. (See id. ¶ 38.)

Furthermore, McKalpain contends, Defendants have also (1) "improperly retained funds" belonging to him, (2) failed to "disclose the...ownership" status of the two loans, and (3) discriminated against and "preyed upon" him in "providing" the loans. (Id. ¶¶ 24b-c; 88-89.)

As "a result of the national economic slowdown," McKalpain "experienced cash flow problems" between 2007 and 2009. (Id. ¶ 18.) On April 8, 2009, Aztec executed a notice of default, indicating that McKalpain was $12,938.00 in arrears, and on July 14, 2009, he received a notice of trustee's sale. (Id. ¶¶ 19-20, Exs. G-H.) Although McKalpain allegedly attempted to modify both loans and performed "all necessary requirements that [HSBC and Ocwen] requested in order for a Loan Modification to be processed," HSBC and Ocwen have purportedly failed to provide any meaningful, affordable loan modification offer. (Id. ¶ 21.)

### III.  DISCUSSION

**A.  LEGAL STANDARD**

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120-21 (9th Cir. 2007).  While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation, alteration, and internal quotation marks omitted).

Likewise, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

. . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (citing Twombly, 550 U.S. at 555); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, the Supreme Court clarified in Iqbal that "only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." 129 S. Ct. at 1950 (citation, alteration, and internal quotation marks omitted).

**B. APPLICATION**

**1. TILA**

Although the precise nature of McKalpain's TILA claims is not clear from the face of the complaint, McKalpain indicates that Defendants "refuse[d] to validate and otherwise make a full accounting and required disclosures," that they "retained funds belonging" to him, and that they did not "disclose the status of the ownership" of his loans. (Id. ¶¶ 24a-c.) In his opposition, he has further clarified that he "received two loans in one day, both with varying and confusing ARM interest rates that were set to increase in numbers and at times that were obviously not explained" to him. (Opp. at 9.) He also states that he "was not advised or informed about the certain negative amortization that these loans were going to incur." (Id.)

Because McKalpain states claims for both rescission and damages pursuant to TILA (Compl. ¶¶ 25-26.), the Court considers each claim, in turn.

*a. Rescission*

Under TILA, a borrower generally may rescind a loan within three business days after it is consummated, see 15 U.S.C. § 1635(a); however, if the lender does not provide required disclosures, the borrower may rescind the loan within three years after consummation. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(f)). The section 1635 rescission right is a time-limited right of repose, and once the three-year time limit elapses, the borrower's rescission right is "completely extinguishe[d]." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

While McKalpain alleges that he purchased the property on October 25, 2006 (Compl. ¶ 10, Exs. C-F.), Defendants argue that the sale did not close until February 2007. (Mem. at 1.) The deeds of trust McKalpain executed to secure repayment (Compl. ¶ 15; Id. Exs. G-F.) are dated February 1, 2007. (See id., Exs. C-F; see also Mem at 1.) Even if the Court accepts this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

later date as the date of the loan's "consummation," § 1635(f), it is clear that McKalpain did not seek rescission until March 18, 2010—more than three years later. (Docket No. 1.) Accordingly, his section 1635 claim is time-barred and **DISMISSED with prejudice**.

> ### b. *Damages*

The Court then turns to McKalpain's TILA-damages claim.

Claims for damages under TILA are governed by 15 U.S.C. § 1640(e), which provides that any action for damages must be brought "within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e). The "general rule" in the Ninth Circuit is that "the limitations period starts at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). As discussed above, McKalpain's loan closed in February 2007 at the latest; however, he did not file the present complaint until March 28, 2010, more than one year later.

While a section 1640(e) claim is time-barred under the strict language of the statute, Circuit law teaches that the doctrine of equitable tolling may suspend the one-year limitations period in appropriate circumstances. See King, 784 F.2d at 914-15. To decide whether to apply equitable tolling, a court's "basic inquiry" should be whether tolling the statute "will effectuate the congressional purpose of the Truth-in-Lending Act." Id. at 915. TILA provides that its purpose, among other things, is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).

McKalpain does not plead any facts to suggest that the limitations period should be tolled for his damages claim. Although McKalpain's opposition contends that the "very nature of these subprime loans is that the layperson never KNOWS that the damage has occurred until the interest rates begin to wildly change," he does not explain why equitable tolling would apply in the circumstances of this particular case. (Opp. at 5.)

The Court cannot presently conclude that equitable tolling applies, and McKalpain's damages claim is **DISMISSED** with leave to amend and plead facts specifically supporting equitable tolling of section 1640(e).

> ## 2. HOEPA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

The Court proceeds to consider McKalpain's claim for damages under HOEPA, 15 U.S.C. § 1602. (Compl. ¶¶ 36-40.) HOEPA is an "amendment of TILA" which is "governed by the same remedial scheme and statute of limitations as TILA." Mulato v. WMC Mtg. Corp., 2009 WL 3561536, *6 (N.D. Cal. Oct. 27, 2009) (citation omitted). Consistent with the discussion above, damages are presently unavailable to McKalpain under section 1640(e). The HOEPA claim is likewise **DISMISSED** with leave to amend and plead facts supporting equitable tolling of section 1640(e).

**3. RESPA**

McKalpain's second claim is for violations of "RESPA," section 2605 "et seq." (Compl. at 6-7.) Although the precise alleged RESPA violations are ambiguous, McKalpain pleads that the "servicing contract or duties" for his loans "were transferred or hypothecated without required notice" (Id. ¶ 32.) and that "Defendants...placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees and amounts in excess of what would have been lawfully earned." (Id. ¶ 31.) The Court construes these allegations in the light most favorable to McKalpain, Cahill, 80 F.3d at 337-38, and concludes that he is attempting to state claims for violations of both 12 U.S.C. § 2605 and 12 U.S.C. § 2607.

Under 12 U.S.C. § 2605, a loan servicer must notify a borrower in writing regarding any assignment, sale, or transfer of the servicing of the loan to any other person. See 12 U.S.C. § 2605(a). This notice must be provided "not less than 15 days before the effective date of transfer." Id. § 2605(b)(2). Where a servicer fails to make required RESPA disclosures, an individual plaintiff may seek "actual damages to the borrower as a result of the failure," within three years after the violation occurs. Id. §§ 2605(f); 2614.

McKalpain's opposition does not offer any support for his allegation that he was not provided "required notice" of any transfer in servicing to Ocwen. (Compl. ¶¶ 32, 16-17.) Furthermore, the documents attached to his complaint indicate that in approximately early 2007, Deutsche Bank did, in fact, notify McKalpain that his loan servicing was transferred to Ocwen. (See Compl., Ex. C [Correspondence from DB Home Lending, LLC Re: Transfer/Sale of Loan].) The claim is **DISMISSED** with leave to amend. To state a valid claim, McKalpain must, at a minimum, explain why the notice he received from Deutsche Bank was untimely or otherwise violated RESPA.

To the extent McKalpain's averments regarding Defendants' efforts to obtain "yield spread fees" and other amounts unlawfully earned constitutes a claim under section 2607 (Id. ¶ 31.), the claim wholly lacks supporting allegations. See 12 U.S.C. § 2607 ("No person shall give and no person shall accept any portion...of any charge made...for the rendering of a real estate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

settlement service...other than for services actually performed"). This RESPA claim is also **DISMISSED** with leave to amend and add additional factual allegations sufficient to state a "plausible" RESPA claim. Iqbal, 129 S. Ct. at 1950.

### 4. FDCPA

McKalpain also alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692. (Compl. ¶¶ 41-45.) In order to state a claim under the FDCPA, McKalpain must: (1) plead that he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and (2) allege that Defendants committed some prohibited act or practice within the purview of the statute. See 15 U.S.C. §§ 1692k, 1692j.

The FDCPA averments do not indicate whether McKalpain is a section 1692a(3) "consumer"; additionally, he alleges merely that he "requested validation of the 'debt'" and "Defendants did not respond to [his] demands in such a way as to meet the requirements of the act." (Compl. ¶ 44.) These threadbare and conclusory allegations are insufficient to state a "plausible" claim for relief, Iqbal, 129 S. Ct. at 1950, and the FDCPA claim is **DISMISSED** with leave to amend.

### 5. CIVIL RIGHTS VIOLATIONS

McKalpain's ninth, tenth, and eleventh claims allege violations of 42 U.S.C. §§ 1981, 1983, and 2000d, respectively. Each of these claims fails.

#### a. Section 1981

To state a claim "arising under [42 U.S.C. § 1981] outside of an employment context," a plaintiff must "show that: (1) it is a member of a protected class, (2) it attempted to contract for certain services, and (3) it was denied the right to contract for those services." Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006.)

McKalpain attempts to support his section 1981 claim by stating that Defendants loaned him "an amount...that was unreasonable according to his employment and income and were careless in taking his case into consideration." (Compl. ¶ 74.) Yet this very allegation indicates that a section 1981 claim will not lie: McKalpain "was not denied a loan" or right to contract with Defendants; "in fact, [he] was given a loan" and permitted to contract with them. (Mem. at 9.) Accordingly, since McKalpain cannot allege a denial of a right to contract, the section 1981 claim is **DISMISSED with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

### b. Section 1983

The "ultimate issue" in determining whether a person is subject to an action under section 1983 is whether "the alleged infringement of federal rights" was "fairly attributable to the State." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)) (internal citations and quotation marks omitted). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)) (internal quotation marks omitted).

McKalpain has not pled any facts to suggest Defendants' action was not "private conduct," Sullivan, 526 U.S. at 50, and his opposition does not discuss this claim at all. Nor is there any indication that McKalpain could ever allege facts implicating state action in this case. The section 1983 claim is **DISMISSED with prejudice**.

### c. Section 2000d

42 U.S.C. § 2000d provides that "No Person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."
McKalpain alleges that "Defendants have engaged in practices that are unlawful under 42 U.S.C. § 2000d" and describes their efforts to allegedly "provid[e] an exorbitant loan amount" and "prey[] upon" him, with "reckless disregard to how he could make payments." (Compl. ¶ 88.) The allegations do not establish that he was denied any benefits or that the benefits he was allegedly denied were benefits of a "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The section 2000d claim is **DISMISSED** with leave to amend and add allegations indicating that his relationship with Defendants constituted such a program or activity.

### 6. WRONGFUL FORECLOSURE

Finally, McKalpain states a state law claim for wrongful foreclosure, alleging that by "the mandatory provisions of TILA, HOEPA, and Regulation Z, the Trust Deeds were rendered null and void...and...Defendants were legally barred" from foreclosure. (Compl. ¶ 103.) To the extent this claim states a federal question derivative of McKalpain's rejected TILA and HOEPA claims, it is likewise **DISMISSED** with leave to amend. McKalpain must add additional factual averments to this claim and/or plead valid TILA and HOEPA claims that could legally support a claim of wrongful foreclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1985 GAF (AGRx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Christopher McKalpain et al v. Deutsche Bank AG et al | | |

### IV.  CONCLUSION

Consistent with the foregoing reasoning, the Court **GRANTS** Defendants HSBC and Ocwen's motion to dismiss McKalpain's federal causes of action.  McKalpain's claims for TILA rescission, and violations of sections 1981and 1983 are **DISMISSED with prejudice**.  All other federal claims are **DISMISSED** with leave to amend **no later than May 24, 2010**.

The Court reserves its ruling regarding (1) McKalpain's pendant state law claims; and (2) HSBC and Ocwen's motion to expunge the notice of pendency of action.  If McKalpain fails to amend his complaint **before the deadline** and state a plausible **federal** claim for relief, the Court will dismiss the remaining state law claims for lack of jurisdiction.

The hearing presently scheduled for Monday, May 17, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

cc:     Christopher McKalpain
        6938 Laurel Canyon Boulevard, # 302
        North Hollywood, CA 91605